NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAR 6 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

JOSE LUIS DIAZ-DAMIAN,

          Petitioner,

  v.

MERRICK B. GARLAND, Attorney
General,

          Respondent.

No. 22-1926

Agency No.
A208-583-341

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 4, 2024[**]
Pasadena, California

Before: CLIFTON, H.A. THOMAS, and DESAI, Circuit Judges.

    Jose Luis Diaz-Damian, a native and citizen of Mexico, petitions for review

of the Board of Immigration Appeals' dismissal of his appeal of an Immigration

Judge's denial of his applications for withholding of removal and relief under the

Convention Against Torture. We have jurisdiction under 8 U.S.C. § 1252. We deny

---

      [*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

      [**]    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

the petition for review.

When the BIA "review[s] the IJ's credibility-based decision for clear error and 'relie[s] upon the IJ's opinion as a statement of reasons' but '[does] not merely provide a boilerplate opinion,'" this court reviews "the reasons explicitly identified by the BIA, and then examine[s] the reasoning articulated in the IJ's oral decision in support of those reasons." *Dong v. Garland*, 50 F.4th 1291, 1296 (9th Cir. 2022) (quoting *Lai v. Holder*, 773 F.3d 966, 970 (9th Cir. 2014)). The agency's factual findings, including credibility determinations, are reviewed for substantial evidence. *Id.* The denial of CAT protection is also reviewed for substantial evidence. *Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1028 (9th Cir. 2019).

Diaz-Damian challenges the agency's denial of withholding of removal based on the finding that he had not testified credibly. We conclude that the adverse credibility finding is supported by substantial evidence. An adverse credibility determination may be based on any nontrivial inconsistencies in an applicant's testimony, so long as the applicant is afforded the opportunity to explain the inconsistencies. *Dong*, 50 F.4th at 1296-97. The record establishes that Diaz-Damian testified inconsistently, was repeatedly offered the opportunity to explain himself, and failed to do so persuasively. Certain inconsistencies, including whether a "policeman in uniform" drove Diaz-Damian at any point and whether a policeman was aboard the vessel that attempted to smuggle him into the United

States, directly relate to whether Mexican government officials were involved in Diaz-Damian's smuggling and thus strike at the core of his claim for relief. When confronted with these inconsistencies, Diaz-Damian was unable to provide a satisfactory explanation. These and other inconsistencies identified by the IJ support the agency's adverse credibility finding.

Because "[a]n adverse credibility finding is not necessarily a death knell to CAT protection," *Shrestha v. Holder*, 590 F.3d 1034, 1048 (9th Cir. 2010), Diaz-Damian remains eligible for CAT protection if the non-testimonial evidence shows that he will more likely than not be subjected to torture, by or with the acquiescence of a public official, in the country of removal. *Park v. Garland*, 72 F.4th 965, 980 (9th Cir. 2023). The agency's conclusion that Diaz-Damian failed to satisfy this standard is supported by substantial evidence. While the country condition evidence contains disturbing information about the situation in Mexico, "[g]eneralized evidence of violence and crime is insufficient to establish a likelihood of torture." *Id.* Diaz-Damian also fails to make the required showing that he "will face a *particularized* and *non-speculative* risk of torture" in Mexico. *Id.* Although Diaz-Damian cooperated with the prosecution of two Americans arrested in connection with his smuggling, nothing in the record suggests that the Mexican government is in league with the criminal enterprise involved or will

otherwise acquiesce to his torture. No other evidence compels a contrary conclusion.

**PETITION DENIED.**